IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARICELA RAMIREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES INC., a foreign corporation; COMPANIA MEXICANA DE AVIACION, S.A. DE C.V., a Mexican Corporation doing business as MEXICANA AIRLINES (an assumed business name), and JOHN DOES 1 THROUGH 10,<br><br>    Defendants.<br>                                           / | No. C 05-04065 WHA<br><br>**ORDER GRANTING DEFENDANT UNITED AIRLINES' MOTION TO DISMISS WITH PREJUDICE AND VACATING HEARING** |

**INTRODUCTION**

Defendant United Airlines, Inc. moves to dismiss a passenger's claim for damages suffered in an international flight. Maricela Ramirez seeks damages for injuries she allegedly suffered during a flight from Los Angeles to Mexico City on the basis of the Warsaw Convention, 49 Stat. 3000, and common-law negligence. United seeks dismissal on grounds that plaintiff fails to state a claim under the Convention and that the Convention bars plaintiff's negligence claim. The Court hereby **GRANTS** United's motion without leave to amend.

**STATEMENT**

Ramirez filed a complaint against United and Mexicana Airlines, seeking to recover damages for injuries she purportedly suffered during a turbulent flight from Los Angeles to

1  Mexico City. Mexicana answered the complaint and is not a party to United's current motion to
2  dismiss. On a motion to dismiss under Rule 12(b)(6), all material allegations of the complaint
3  are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v.*
4  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). The Court, therefore, relates the
5  following facts from plaintiffs' complaint as if they were true.

6  According to the complaint, United and Mexicana had "a partnership agreement, a
7  passenger code sharing agreement and/or a joint venture agreement" (Compl. ¶ 4). Plaintiff
8  admitted that she did not know the "exact nature and the terms of this agreement" (*ibid*.).
9  Nevertheless, plaintiff maintained that at all relevant times, Mexicana Airlines and its
10 employees were agents and employees of United Airlines (*ibid*.).

11 On October 9, 2003, Ramirez paid United for airline tickets (*id.* at ¶ 7). The tickets
12 authorized travel for that same day beginning in San Francisco, flying to Los Angeles and
13 terminating in Mexico City (*ibid*.). Ramirez was booked on United Flight 1415 from San
14 Francisco to Los Angeles (*ibid*.). The leg from Los Angeles to Mexico City was listed jointly
15 as United Flight 4747 and Mexicana Flight 905 (*ibid*.).

16 Ramirez's flight to Los Angeles apparently passed without incident (*id*. at ¶¶ 8, 11). At
17 some point during her journey between Los Angeles and Mexico City, however,
18 United 4747/Mexicana 905 encountered turbulence (*id*. at ¶ 11). Ramirez proceeded into the
19 airplane lavatory, having received no indication that she should fasten her seat belt or remain
20 seated from either the "Fasten Seat Belt" sign or from the flight attendants (*ibid*.). While in the
21 lavatory, Ramirez was "pitched up and down, and thrown violently around" (*ibid*.). The flight
22 ultimately landed safely in Mexico City (*ibid*.). Ramirez, however, apparently suffered
23 "injuries to left hip, left leg, left foot, left arm, low back, neck, bilateral shoulder pain, head and
24 TMJ" (*id*. at ¶ 13).

**ANALYSIS**

**1. LEGAL STANDARD.**

27 A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged
28 in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the

1  plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
2  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). On the other hand, "conclusory allegations of
3  law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state
4  a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal
5  without leave to amend is proper only if complaint cannot be cured by amendment. *Oki
6  Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n*, 298 F.3d 768, 772 (9th Cir. 2002).

### 2. REQUEST FOR JUDICIAL NOTICE.

Although materials outside of the pleadings ordinarily are not considered on a motion to dismiss, a court may consider matters properly subject to judicial notice. *See Adibi v. Cal. State Bd. of Pharmacy*, 393 F. Supp. 2d 999, 1003 (N.D. Cal. 2005). Under FRE 201, a court may take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Defendant seeks judicial notice of records on file with the United States District Court for the District of Oregon and with the Circuit Court for the State of Oregon for the County of Multnomah (United RJN Exhs. A–C). These court records are from purportedly similar actions Ramirez filed in those courts (Br. 1). While the records of other courts may be proper for judicial notice, such notice is granted "only for the limited purpose of recognizing the judicial act that the order [or filing] represents on the subject matter of the litigation." *Lee v. Bender*, C 04-2637, 2005 WL 1388968, *8 (N.D. Cal. May 11, 2005)(internal citations omitted). "[T]he underlying arguments made by the parties, disputed facts, and conclusions of fact" contained in the record are not the subject of judicial notice. *Cactus Corner, L.L.C. v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004)(internal citations omitted). Here, defendant does not request notice of the records to show that Ramirez simply filed two other actions (Br. 3). Instead, United seeks to use ambiguous statements contained in the records as determinative proof that Mexicana, not United, was the carrier to Mexico City (*ibid*.). The Court will not grant such a request.

3.     **LIABILITY UNDER THE WARSAW CONVENTION.**

The parties both agree that plaintiff primarily alleges an action under the Warsaw Convention, as modified by the Montreal Protocol of 1999 (Compl. ¶ 3; Br. 4).

As our Circuit recently explained:

> The Warsaw Convention is a comprehensive international treaty, signed in 1929, governing liability in all international transportation of persons, baggage, or goods. . . . The Convention's purpose is to create a uniform body of law governing the rights and responsibilities of passengers and air carriers in international air transportation.

*Rodriguez v. Ansett Austl. Ltd.*, 383 F.3d 914, 916 (9th Cir. 2004)(internal citations omitted). "Article 17 of the Convention establishes the liability of international air carriers for harm to passengers." *Ibid*. (internal citations omitted). Under Article 17:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Most importantly for our purposes, the Convention only permits an injured passenger to obtain relief from the *one* carrier for the flight. "[T]he language does not speak of dual or multiple carriers, but rather 'the carrier' suggests that only one entity—the operator of the aircraft—bears liability for damages arising from injuries occurring on the aircraft." *In re Air Crash at Taipei, Taiwan, on October 31, 2000*, MDL 1394 GAF, 2002 WL 32155476, *5 (C.D. Cal. May 13, 2002); *see also* 49 Stat. 3000, Art. 30(2). "Efforts to read the term 'carrier' expansively to include more than the operator of the aircraft have been rejected by the courts." *Air Crash at Taipei*, 2002 WL 32155476 at *5. Plaintiff's extensive briefing about whether an accident occurred under the meaning of the Convention is therefore inapposite (Oppo. 4–5; Reply Br. 1–2). Instead, as a threshold matter, plaintiff must demonstrate that United was in fact "the carrier."

While the term "carrier" is not defined in the Warsaw Convention, "the term means what it appears to mean—the operator of the aircraft involved in an accident." *Air Crash at Taipei*, 2002 WL 32155476 at *5. The language of the Convention "makes clear that the Convention's drafters were referring only to those airlines that actually transport passengers."

4

*Id*. at *6 (citation omitted). "[I]t cannot reasonably be concluded that the drafters intended an airline that merely issues a ticket to face potential liability as 'carrier.'" *Ibid*. (citation omitted). With respect to injuries sustained on a flight operated under a "code-sharing" agreement, one court recently found that "[t]he mere fact that Delta participated in code sharing with CSA does not reasonably lead to the inference that Delta was the carrier of the flight at issue." *Shirobokova v. CSA Czech Airlines, Inc.*, 376 F. Supp. 2d 439, 442 (S.D.N.Y. 2005). "A code sharing agreement is simply 'an arrangement whereby a carrier's designator code is used to identify a flight operated by another carrier.'" *Ibid*. (*quoting* 14 C.F.R. 257.3(c)).

Applying this interpretation of the Warsaw Convention, United was not the carrier and therefore cannot be liable to plaintiff thereunder. Plaintiff's ticket indicates that the flight from Los Angeles to Mexico City was "operated by Mexicana" (Flaherty Decl. Exh. 1). For this portion of her journey, the ticket instructed Ramirez to "please check in with Mexicana" (*ibid*.). "The actual aircraft which plaintiff boarded in Los Angeles had 'MEXICANA' painted in large letters on the fuselage" (Opp. 2; *see also* Flaherty Decl. ¶ 7). Plaintiff argues that her confusion over the arrangement between Mexicana and United prevents the Court from finding that United was not the carrier (Oppo. 6). Yet given the governing law and the uncontested facts, any inference to the contrary is unwarranted. Plaintiff cannot state a claim against United under the Convention.

**4.    NEGLIGENCE CLAIM.**

Plaintiff's complaint did not delineate claims, but rather clumped her claims under the heading "Negligence." Presumably plaintiff meant to assert a claim under a state-law theory of negligence, although she partially retreats from this assertion in her opposition papers (Oppo. 5–6). In any event, such a claim is preempted by the Warsaw Convention.

"[T]he Convention's preemptive effect is clear: The treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." *Miller v. Cont'l Airlines*, 260 F. Supp. 2d 931, 937 (N.D. Cal. 2003)(internal citation omitted). The preemptive effect of the Convention "extends to all state law claims relating to

5

personal injuries sustained during international passenger air travel." *Shirobokova*, 376 F. Supp. 2d at 442 (citation omitted). Plaintiff's negligence claim against United is so preempted.

## CONCLUSION

Based on the foregoing, the Court Grants United's motion to dismiss as to all of plaintiff's claims against United. Finding further amendment of the complaint as against United futile, the Court will not allow plaintiff to do so. Plaintiff's claims against Mexicana are in no way effected by this order. Finding oral argument unnecessary, the Court also hereby **VACATES** hearing on this motion, originally scheduled for January 5, 2006.

**IT IS SO ORDERED.**

Dated: December 23, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE